```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT
                                        :
CARLTON JOLLEY,                         :
                                        :
     Plaintiff,                         :
                                        :  PRISONER
V.                                      :  CASE NO. 3:04-CV-1582(RNC)
                                        :
CORR. MANAGED HEALTH CARE,              :
ET AL.,                                 :
                                        :
     Defendants.                        :
```

## RULING AND ORDER

Plaintiff, a Connecticut inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 alleging that defendants, all state entities or employees, have been deliberately indifferent to his periodontal disease, stomach pain, back pain and severe headaches.[1]  He seeks a temporary restraining order and preliminary injunction [doc. # 9] requiring defendants to send him to the University of Connecticut Health Center.  Among other things, he wants an endoscopy, a consultation with the Gastrointestinal Clinic at the University of Connecticut School of Medicine, and a consultation with an allergist.  Pl.'s Resp. to Defs' Opp'n to Pl.'s Req. for an Inj. at 7. For the reasons set forth below, the motion is denied.[2]

---

[1] Plaintiff is an experienced pro se litigant in this court.  See Jolley v. Galvin, 3:00-CV-00029(RNC); Jolley v. Strange, 3:97-CV-00393(TPS); Jolley v. Potz, 3:97-CV-00263(DFM); Jolley v. Frey, 3:96-CV-02484(WIG); Jolley v. Guilbert, 3:95-CV-1078(JGM); Jolley v. Emmanuel, 3:95-CV-1077(JBA).

[2] A motion for interim injunctive relief may be denied without a hearing when, as here, it is apparent from the record that there is no factual dispute requiring an evidentiary hearing.  See Lebron v. Armstrong, 289 F. Supp. 2d 56, 59-60 (D. Conn. 2003)

"[I]nterim injunctive relief is an extraordinary and drastic remedy which should not be routinely granted." Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (internal quotation omitted). To obtain such relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. W. Irondequoit Cent. Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).

Plaintiff previously brought two actions in Connecticut Superior Court claiming deliberate indifference to his serious medical needs. See Jolley v. Warden, No. TSR-CV-03-0004180-S (alleging deliberate indifference to plaintiff's perdiodontal disease); Jolley v. Warden, No. TSR-CV-04-400090-S (alleging deliberate indifference to plaintiff's other medical conditions). In the first action, the court ordered the Department of Correction to continue to comply with an established periodontal plan. In the second, the court concluded that no deliberate indifference had been shown.

In response to the plaintiff's present motion, defendants submit the affidavit of plaintiff's treating dentist, Dr. Albert Toro, who states that the Department of Correction is complying

with the previously approved periodontal plan.  See Toro Aff. ¶¶ 9-10.  Plaintiff does not dispute this contention.

Defendants also submit the affidavit of plaintiff's treating internist, Dr. Timothy Silvis, who states that plaintiff has been, and continues to be, treated appropriately for his medical problems.  Silvis Aff. ¶ 14.  According to Dr. Silvis's affidavit, plaintiff's complaints of constipation are being treated with two medications, his liver function and amylase levels are being monitored every other month, and he is taking prescription medications for stomach and back pain.  Id. ¶¶ 8-11.  With regard to plaintiff's complaints of severe headaches, Dr. Silvis states that an MRI of plaintiff's head disclosed no abnormality and that plaintiff's level of physical activity and demeanor are inconsistent with his complaints.  See id. ¶ 12.  Plaintiff presents no evidence to contradict Dr. Silvis's statements.

Even if the record supported plaintiff's allegation of irreparable harm, his motion for interim injunctive relief would still fail because he has not shown a likelihood of success on the merits.  On the present record, it is difficult to avoid the inference that plaintiff simply disagrees with the treatment he is receiving.  "[M]ere disagreement over the proper treatment does not create a constitutional claim." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).  As long as the treatment

3

plaintiff receives is adequate, the fact that he "might prefer a different treatment does not give rise to an Eighth Amendment violation."  Id.

Accordingly, plaintiff's motion for a temporary retraining order and preliminary injunction [doc. # 9] is hereby denied.

So ordered.

Dated at Hartford, Connecticut this 25th day of August 2006.


　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　       Robert N. Chatigny
　　　　　　　　　　　　　　　   United States District Judge