UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLTON JOLLEY, | : |
| Plaintiff, | : |
| | : PRISONER |
| V. | : Case No. 3:04-CV-1582(RNC) |
| CORRECTIONAL MANAGED | : |
| HEALTH CARE, ET AL., | : |
| Defendants. | : |

RULING AND ORDER

Plaintiff, a Connecticut inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference by prison and medical staff to medical and dental needs. This ruling addresses plaintiff's motions for reconsideration, class certification, injunctive relief and leave to amend. For the reasons that follow, the motions for reconsideration, class certification and injunctive relief are denied and the motion to amend is granted in part.

I. Motion for Reconsideration [Doc. # 42]

Plaintiff seeks reconsideration of a ruling and order of August 25, 2006, which denied a motion for interim injunctive relief. Under the Local Civil Rule 7(c), motions for reconsideration must be filed and served within ten days of the filing of the decision or order from which relief is sought. Plaintiff's motion for reconsideration is untimely because it was not filed until October 10, 2006, well beyond the ten-day filing

deadline. Moreover, a motion for reconsideration should be granted only when the moving party "point[s] to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transport., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff's motion makes no such showing. Accordingly, the motion is denied.

II. Motion for Class Certification [Doc. # 45]

Plaintiff moves for an order certifying his suit as a class action on behalf of all current and future inmates in the custody of the Department of Correction. Plaintiff has not met his burden of showing that the requirements for class certification under Rule 23(a), Fed. R. Civ. P., are satisfied.[1] See Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 291 (2d Cir. 1999)(plaintiff "bears the burden of demonstrating numerosity, commonality, typicality, and adequacy"). Moreover, pro se litigants are not permitted to represent the interests of other class members. See Rodriguez v. Eastman Kodak Co., 88 Fed.

---

[1] Rule 23(a), Fed. R. Civ. P., provides:
One or more members of a class may sue or be sued as representatives parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Appx. 470, 471 (2d Cir. 2004)(summary order)(pro se prisoner's class action appropriately dismissed because "a pro se class representative cannot adequately represent the interests of other class members")(internal quotations omitted). Plaintiff's motion is therefore denied.

III. Motions for Injunctive Relief [Doc. ## 61, 67]

Plaintiff seeks an order directing defendants to (1) provide him with three boxes of Tylenol every nine days; (2) provide him with Metamucil or a high fiber diet; (3) refer him to an otolaryngologist at the University of Connecticut Health Center ("UCONN") for an evaluation of his sinus condition, which causes headaches and congestion; (4) comply with a periodontal plan recommended by a periodontist at UCONN; and (5) send him to UCONN for an endoscopy to determine the cause of his stomach pain. "[I]nterim injunctive relief is an extraordinary and drastic remedy," Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981), which should be granted only when necessary to prevent irreparable harm and only if the moving party has shown a substantial likelihood of success on the merits. Mastrovincenzo v. City of New York, 435 F.3d 78, 89 (2d Cir. 2006). None of plaintiff's requests satisfies this demanding standard. The record shows that plaintiff has access to enough Tylenol and Metamucil to satisfy his medical needs as

determined by Dr. Silvis.[2] Plaintiff's sinus condition has not been shown to constitute a serious medical condition requiring immediate treatment, except insofar as it gives rise to headaches, which are being treated with Tylenol. Plaintiff's requests regarding his periodontal treatment plan and asserted need for an endoscopy constitute renewals of requests for relief that were denied in the ruling and order of August 25, 2006 (the former because an affidavit signed by a treating dentist stated that the plan was being followed; the latter because it merely reflected a disagreement between plaintiff and Department of Correction medical personnel concerning the appropriate treatment of his stomach pain). Plaintiff offers no new evidence to support his renewed requests. Nor does he cite any decision or data that the Court overlooked. Accordingly, these requests are denied.

IV. Motion for Leave to Amend [Doc. # 69]

Plaintiff seeks leave to file a second amended complaint to change Nurse Gloria's last name from Rodriguez to Suarez and to add unidentified defendants and claims. The Court construes this as a motion to amend pursuant to Rule 15(c)(3), Fed. R. Civ. P.

---

[2] Absent a showing of irreparable harm, the Court need not examine the likelihood of success on the merits. See Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990) (party seeking injunctive relief must demonstrate irreparable harm "before other requirements for the issuance of an injunction will be considered").

4

The motion is granted to the extent that plaintiff is permitted to amend his complaint to reflect Nurse Gloria's correct surname. However, the motion to add new claims and defendants is denied as untimely because the action has been pending for three years and discovery has closed.

V. Conclusion

Accordingly, plaintiff's motions for reconsideration [doc. # 42], class certification [doc. # 45], and injunctive relief [doc. ## 61, 67] are hereby DENIED, and plaintiff's motion for leave to amend [doc. # 69] is hereby GRANTED to the extent that plaintiff seeks to correctly identify defendant Gloria Rodriguez as Gloria Suarez but DENIED to the extent that plaintiff seeks to add new defendants and claims.

So ordered this 27th day of September 2007 at Hartford, Connecticut.

_____/s/_____
Robert N. Chatigny
United States District Judge